UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Mark Blaylock,          Plaintiff | Civ. No. _____ |
| vs. | |
| Texas A & M University System,          Defendant. | Jury Trial Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NATURE OF THE ACTION

The defendant, standing virtually alone in the year 2021, maintains a blanket ban against all candidates for its Emergency Task Force Two who manage diabetes with insulin. This ban ensnared Mark Blaylock, who has achieved an honor shared by few others in this nation. He has been certified as a rescue specialist, a certification that took hundreds of hours to achieve. His diabetes did not hinder that success. But Texas Task Force Two doggedly refuses to consider him fit for emergency rescue work in Texas because of its grossly outdated ideas about Type 1 diabetes.

If Texas Task Force Two had judged Mark Blaylock on his actual capabilities, he would already be serving the public as a well qualified Rescue Specialist on the disaster response team. But it refused. Despite Mr. Blaylock's superb credentials and the support of colleagues and physicians alike, the defendant rejected him because of its outdated blanket exclusion for anyone with this disability. It mattered not that he has worked successfully for 16 years as a professional firefighter or that he is in superb physical shape. It did not matter that he is a rescue diver. The defendant would not even consider that he had proven his ability to perform the

1

required tasks during hundreds of hours of training sessions taught by their own personnel – something no other applicant has to do. All the defendant considered when it rejected him is that he has diabetes for which he takes insulin. This is an "automatic disqualifier."

Disability law does not allow this kind of blanket exclusion of individuals with diabetes based on false assumptions and stereotypes. These false assumptions could not be more flimsy than they are here – where Task Force members had seen Mr. Blaylock successfully perform a huge number of rescue specialist tasks for hundreds of hours. Few employers still cling to blanket bans, but the defendant unfortunately does. Hence, this suit is brought to correct this misguided and unlawful policy.

## JURISDICTION AND VENUE

1. This case is brought under the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. The defendant is located in College Station, Texas, and rejected him there. Venue is invoked pursuant to 28 U.S.C. § 1391.

## PARTIES

3. The plaintiff Mark Blaylock is an adult resident of Kaufman County, Texas.

4. The defendant Texas A & M University System is a public university system located in College Station, Brazos County, Texas. It may be served by serving its Chancellor, John Sharp, at Moore/Connolly Building, 7th Floor, 301 Tarrow, Texas A&M University, College Station, Texas 77840.

## STATEMENT OF FACTS

5. The plaintiff, Mark Blaylock, is well qualified to serve as a disaster recovery rescue specialist. Indeed, Mr. Blaylock has a record that proves he is more than fit for duty for

that job. He has served with distinction as a professional firefighter for more than 17 years, a public safety diver for more than 8 years, and is in excellent physical condition. He is also a certified rescue diver.  Texas Task Force 2 refused to judge him on his abilities, but instead relied only on assumptions and speculation. Defendant's decision is not borne out by any facts. Indeed, the facts are entirely to the contrary. Accordingly, his supervisors who know his work over a period of years strongly supported his application. So did instructors from the Texas Task Force who had instructed him for hundreds of hours.  Likewise, his doctor strongly supported his application but no one spoke to her.

6. Texas Task Force 2, managed by Texas A & M Engineering Extension Service that is part of the Texas A & M University System, is a state operated disaster rescue organization that deploys Rescue Specialists who locate, rescue and stabilize victims in times of a disaster.  It receives federal funding from the Federal Emergency Management Agency.

7. The Task Force rejected Mr. Blaylock solely because of his medical diagnosis. And it did so even though its own instructors had repeatedly witnessed his ability to perform the same type of tasks that he would be asked to perform as a rescue specialist.  Having already demonstrated his fitness, he was disappointed at the push back he got and even when he asked to show his abilities and fitness for duty again, the Task Force spurned those requests.  This is the essence of illegal disability discrimination.  A man who has performed arduous tasks consistently well and also serves on Grand Prairie's swift water rescue and active shooter response teams is rejected only because of a medical diagnosis and refused the opportunity to prove himself.  The Task Force's treatment of Mr. Blaylock harkens back to a time when this nation's disability laws did not exist.

8. Mr. Blaylock applied for the job of Rescue Specialist in 2018.  In April 2019, the

Task Force announced its rejection of him for the position and explained that the only reason the Task Force denied him this job opportunity is the mere diagnosis of Type 1 diabetes. The Task Force's physician, Dr. Jeffrey Beeson, candidly explained that all people with Type 1 are banned; in his words, it is an automatic disqualifier. Rather than considering his individual capabilities, Dr. Beeson lumped him in with others, without considering how well controlled his diabetes is. This kind of across-the-board decision is contrary to federal law and is, in fact, a prime reason disability law exists.

9. The defendant applies a blanket ban on medical clearance for any applicant for Rescue Specialist who has diabetes, without individualized consideration of applicants' medical situation. There is no business necessity for this ban. Mr. Blaylock's entire career is a testament to that. Not only is this defendant's action a violation of disability law but it is a loss for the state of Texas.

## COUNT 1

### Disability Discrimination - Rehabilitation Act

10. The plaintiff is a qualified individual with an actual disability, Type 1 diabetes. The plaintiff is able to perform the job of rescue specialist, but has been denied the right to do so because of fears and antiquated views about the condition. He was also improperly regarded as having a disability and was denied the job because of a record of a disability.

11. The actions of the defendant as set forth above constitute a violation of the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq*. The defendant receives federal funding for its disaster task force, but refuses to abide by clear federal law that requires a level playing field for those with disabilities, rather than a knee jerk rejection no matter what their capabilities.

## DAMAGES

12. The damages suffered by the plaintiff include actual and compensatory damages for the injuries suffered at the hands of the defendant, including, but not limited to, mental anguish.

## RELIEF REQUESTED

The plaintiff asks this court to enter a judgment:

1. Declaring that the acts and practices complained of in this Complaint are in violation of the Rehabilitation Act of 1973;

2. Enjoining and permanently restraining these violations of law;

3. Directing the defendant to employ plaintiff as a deployable Rescue Specialist on Task Force Two;

4. Directing the defendant to pay the plaintiff actual and compensatory damages that he suffered, past and future;

5. Awarding the plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

6. Awarding the plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

7. Awarding the plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

8. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

## JURY DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

/s/ **Katherine L. Butler**
Texas Bar No. 03526300
1007 Heights Boulevard
Houston, Texas 77008
(713) 526-5677
Fax: (888)-370-5038
kathy@butlerharris.com

**John Griffin, Jr.**
Texas Bar No. 08460300
203 North Liberty Street
Victoria, Texas 77901
(361) 573-5500
Fax: (361) 573-5040
jwg@lawmgk.com